IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON A. REAMES, #63291, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-01832-JPG |
| ) | |
| ROXANA POLICE DEPARTMENT, ) | |
| JOHN DOE 1, ) | |
| JOHN DOE 2, ) | |
| and JOHN DOE 3, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Brandon Reames, an inmate at Madison County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Officer John Doe 1, Officer John Doe 2, Chief of Police John Doe 3, and Roxana Police Department for an unlawful pat down that occurred in August 2021 in Hartford, Illinois. (Doc. 1). He seeks money damages. (*Id.*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 11-12): In August 2021, Plaintiff was driving to Casey's General Store in Hartford, Illinois, when three

1

officers from Roxana Police Department pulled him over and conducted a pat down search. He does not identify the officers individually in the statement of his claim. However, he names Officer John Doe 1, Officer John Doe 2, Chief of Police John Doe 3, and Roxana Police Department as parties in the case caption and list of defendants. (*Id*.).

Plaintiff alleges that, after he was pulled over, he identified himself and asked the officers to explain why he was stopped. (*Id*. at 11). One officer said "because this is your vehicle." (*Id*.). Plaintiff explained that the vehicle belonged to his father and again asked why he was pulled over. Another officer said, "Search him." (*Id*.). In response, one of them stuck both of his hands down Plaintiff's pants, reached inside his boxers, and touched his "buttocks crack." (*Id*.). The officer then touched Plaintiff's penis with his bare hands, prompting Plaintiff to push the officer off of him. (*Id*.). Roxana's Chief of Police asked Plaintiff what he thought about "his officers (sic) shakedown," and Plaintiff reported being sexually assaulted. (*Id*.). He informed the officers and his public defender of the same thing. (*Id*. at 12). They promised to open an investigation but never did. (*Id*.). Plaintiff was instructed to file this lawsuit instead. (*Id*.).

## Discussion

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

> **Count 1:** Fourth Amendment claim against Defendants for the unlawful stop of Plaintiff on Illinois Route 3 near Hartford, Illinois, in August 2021.
>
> **Count 2:** Fourth Amendment claim against Defendant for the unlawful pat down of Plaintiff near Hartford, Illinois, in August 2021.
>
> **Count 3:** *Monell* claim against Roxana Police Department and all other defendants for the unlawful stop and search of Plaintiff in August 2021.
>
> **Count 4:** Fourteenth Amendment claim against Defendants for conducting a search of Plaintiff that violated his right to equal protection of the law.

**Count 5:** Eighth Amendment claim against Defendants for conducting a search of Plaintiff that violated his right to be free from cruel and unusual punishment.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Counts 1 and 2

The Fourth Amendment guards against unreasonable searches and seizures. U.S. CONST. Amend. IV. The reasonableness of a search or seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *South Dakota v. Opperman*, 428 U.S. 364, 375 (1976). For example, officers may conduct brief investigatory stops of a suspect and temporarily detain him for questioning or a limited investigation, "if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed." *United States v. Carlisle*, 614 F.3d 750 (7th Cir. 2010) (citations omitted); *United States v. LePage*, 477 F.3d 485, 487 (7th Cir. 2007). The requisite level of suspicion is less than probable cause. *United States v. Sokolow*, 490 U.S. 1, 7 (1989). Officers may also conduct a warrantless "protective search" to look for weapons that might be used to harm the officer. *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993). An officer may even detain an item, if the officer has reasonable suspicion to believe that it contains a weapon, contraband, or other evidence of a crime and the "exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." *United States v. Place*, 462 U.S. 696, 708-09 (1983). A warrantless search or seizure may also be conducted to preserve evidence when it is in immediate risk of removal or destruction. *Ker v. State of California*, 374 U.S. 23, 40-42 (1963) (warrantless seizure of marijuana supported by reasonable belief drug could be easily destroyed or hidden).

In contrast, an arrest requires a warrant or probable cause. *United States v. Vega*, 72 F.3d 507, 515 (7th Cir. 1995). The probable cause determination hinges on "the common-sense

judgment of the officers based on the totality of the circumstances." *Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). If probable cause is found to exist, it serves as an "absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Jackson*, 627 F.3d at 638 (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)).

The Complaint falls short of stating a claim against the defendants for an unlawful stop (Count 1) or search (Count 2) because the allegations do not specify which defendants were responsible for what misconduct. Section 1983 liability hinges on personal responsibility for a constitutional deprivation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The doctrine of *respondeat superior* does not apply to Section 1983 actions. *Id*. Therefore, Plaintiff must set forth sufficient allegations against each named defendant to establish his or her personal involvement in a violation of his constitutional rights.

Plaintiff names Officer John Doe 1, Officer John Doe 2, Chief of Police John Doe 3, and Roxana Police Department as defendants in the Complaint. (Doc. 1, pp. 1-3). In the statement of his claim, he does not sufficiently distinguish between them. The Court cannot tell who stopped him, ordered the search of him, or conducted the intrusive pat down. He does not allege or suggest that the officers failed to act on reasonable suspicion or probable cause when stopping him, temporarily detaining him, and/or searching him. He also does not explain whether he was arrested or charged with any crime as a result of the stop. The allegations are vague.

When a plaintiff does not know the name of a defendant, he may use a fictitious name, just as the plaintiff did in his case caption and list of defendants. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). In his statement of claim, however, Plaintiff must identify each individual defendant using a *different* name and describe what each person did, or failed to do, in violation of his rights. As it stands, the Court cannot tell the difference between the defendants. The

4

Complaint thus fails to satisfy the Rule 8 notice requirement because it lacks sufficient detail to put each individual defendant on notice of which claims are stated against him.  *See* FED. R. CIV. P. 8(a); *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Counts 1 and 2 shall be dismissed without prejudice against the defendants for this reason.

### Count 3

Roxana Police Department appears to have been named in connection with a claim of municipal liability.  This defendant shall be dismissed with prejudice, however, because the police department is not a suable entity under Section 1983.  *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnick*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)).  Although this Court could adjust the caption to name the municipality instead, it would not be appropriate to do so in this case.

The Complaint articulates no *Monell* claim.  In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *see also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009).  The pleading suggests no such thing.  Plaintiff does not identify a defendant in connection with this claim or refer to a policy, custom, or practice that caused a constitutional deprivation to occur.  Count 3 shall therefore be dismissed without prejudice for failure to state any claim upon which relief may be granted, and Roxana Police Department shall be dismissed with prejudice.

### Count 4

Plaintiff also brings a Fourteenth Amendment equal protection claim against the defendants.  In order to establish a prima facie case of discrimination under the equal protection clause, a plaintiff must show that he "is a member of a protected class," that he "is otherwise

5

similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). The allegations do not satisfy any of these elements because Plaintiff has not alleged he is a member of a protected class, is similarly situated to members of an unprotected class, or that he was treated differently from anyone else. Count 4 shall also be dismissed without prejudice for failure to state a claim for relief.

### Count 5

Plaintiff brings an Eighth Amendment deliberate indifference claim against the Roxana Police Department, police chief, and two unknown officers for events that occurred during a stop and search of him in Hartford, Illinois. The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons. *See* U.S. CONST. amend VIII. By all indications, Plaintiff was not a convicted prisoner during the relevant time period, so the Eighth Amendment does not govern his claims against the defendants. Count 5 shall therefore be dismissed with prejudice against the defendants.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) does not survive screening. **COUNTS 1, 2, 3,** and **4** are **DISMISSED** without prejudice, and **COUNT 5** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted. In addition, **ROXANA POLICE DEPARTMENT** is **DISMISSED** with prejudice, and the Clerk of Courts is directed to **TERMINATE** this defendant as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 16, 2022**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed

with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01832-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/17/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**