UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON REAMES<br><br>      Plaintiff,<br><br>  v.<br><br>SETH WESHINSKY and EDWARD LEE BRAZZELL,<br><br>      Defendants. | Case No. 22-cv-1832-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. Plaintiff Brandon Reames has filed a document captioned "Second Amended Complaint" (Doc. 62). He filed this document beyond the deadline to seek leave to amend his pleading—April 9, 2024—set forth in the Court's March 12, 2024, order (Doc. 50) and without a motion for leave to file an amended pleading that attaches a complete proposed Second Amended Complaint.

Further, Reames did not obtain the Court's permission to add additional parties. Leave of court is required before a plaintiff can add new parties to a case. *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir. 1986); *LaBatt v. Twomey*, 513 F.2d 641, 651 n. 9 (7th Cir. 1975); *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Federal Rule of Civil Procedure 15(a)(2) directs the Court to allow amended pleadings when justice requires. Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). A court should allow amendment of a pleading

except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Because Reames filed the "Second Amended Complaint" and attempted to add additional parties without leave of Court, the Court **STRIKES** the filing (Doc. 62). In light of the fact that Reames is now represented by counsel, who may bring some order and clarity to his claims, the Court will allow him to file a motion for leave to amend attaching a proposed amended pleading, but the Court warns him it will be very demanding in considering such a request. He has squandered opportunities to properly amend his pleading in the past, and at some point this case needs to move beyond the pleading stage. This case was filed nearly two years ago, and any addition of new claims or parties will only serve to delay the progress of this litigation further. "Justice" is a high bar in the present circumstances.

**IT IS SO ORDERED.**
**DATED:  July 30, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**