UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRANDON REAMES,

        Plaintiff,

  v.

SETH WESHINSKY and EDWARD LEE BRAZZELL,

        Defendant.

Case No. 22-cv-1832-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Brandon Reames's motion for leave to file a Second Amended Complaint (Doc. 66). The Complaint adds three new parties—one, Matthew Asbury, the third law enforcement officer who has been a mystery since the case was filed, and two municipalities, the City of Roxana and the Village of Hartford, that Reames would like to pay the costs of any judgment against their employees.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which Reames has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*,

125 F.3d 468, 480 (7th Cir. 1997).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).  The Court finds that the relevant factors weigh in favor of allowing amendment to serve the interests of justice.

Additionally, the Court has conducted a preliminary review of the proposed Second Amended Complaint under 28 U.S.C. § 1915A to filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

Based on the allegations in the Second Amended Complaint, the Court identifies the following claims that survive preliminary review under 28 U.S.C. § 1915A:

**Count 1:** A claim against defendants Weshinsky, Brazzell, and Asbury under 42 U.S.C.§ 1983 for an unlawful traffic stop without probable cause or reasonable suspicion in violation of the Fourth Amendment;

**Count 2:** A claim against defendant Brazzell under 42 U.S.C.§ 1983 for failing to intervene in Weshinsky's unconstitutional search of Reames in violation of the Fourth Amendment;

**Count 3:** A claim against defendant Asbury under 42 U.S.C.§ 1983 for failing to intervene in Weshinsky's unconstitutional search of Reames in violation of the Fourth Amendment;

**Count 4:** A claim against defendants Weshinsky, Brazzell, and Asbury under 42 U.S.C.§ 1983 for an unlawful bodily search and arrest without probable cause and for an unreasonable method of search all in violation of the Fourth Amendment;

**Count 5:** A claim against defendants Weshinsky, Brazzell, and Asbury for

       intentional infliction of emotional distress under state law;

**Count 6:**  A claim against the City of Roxana for indemnity for its employees' torts; and

**Count 7**:  A claim against the Village of Hartford for indemnity for its employee's torts.

  **IT IS ORDERED** that the foregoing claims in the Second Amended Complaint survive screening under 28 U.S.C. § 1915A. Reams shall have until **August 19, 2024**, to electronically file the proposed Second Amended Complaint.

  The Clerk is **DIRECTED** to prepare for defendants MATTHEW ASBURY, THE CITY OF ROXANA, and THE VILLAGE OF HARTFORD (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

  The Clerk should mail these forms and a copy of the Second Amended Complaint and this Memorandum and Order to MATTHEW ASBURY's place of business as identified by the Plaintiff, and to THE CITY OF ROXANA and THE VILLAGE OF HARTFORD. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Pursuant to SDIL-LR 8.2(a), the defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply under 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 **days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: August 15, 2024**

                                                      s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**